IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE TRILLO,

        Plaintiff,                         No. 2:12-cv-1805 GEB JFM P

       vs.

DIRECTOR OF CALIFORNIA
DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.                 <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

...

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiffs brings this Section 1983 action on the theory that defendants violated his Eighth Amendment rights when they were deliberately indifferent to his medical needs. Plaintiff's claims arise from three separate situations.  Plaintiff's first set of complaints concern problems his hips, which have resulted in his left leg being 3/4" shorter than his right leg.  He avers that in response to this issue, Nurse Mallory gave plaintiff two flat inserts for his shoes and removed plaintiff from the ADA list; defendants S. Craw and J. Redford "work[ed] hand in hand with their 'circle of conspirators'" to cancel and reject plaintiff's grievances; and Dr. Palagumri ordered faulty x-rays, which confirmed only that plaintiff needed a podiatry evaluation.

Plaintiff's second set of complaints are related to an incident on February 26, 2012, in which his hips gave out when he reached down in his assigned bunk and hit his head on the top bunk.  Plaintiff claims Nurse Mallory only gave him a shot and an ice pack and denied plaintiff emergency hospital treatment; Dr. Wong twisted his neck too hard during a medical examination following the fall; and Drs. Wong, Fox and Kim denied another doctor's request for an MRI and CT scan.  Following this injury, plaintiff received a wheelchair, which he claims the defendants are taking turns trying to have removed from his possession.

Finally, plaintiff claims that on April 19, 2012, he was seen by P.A. Michelle Street, P.A. Safi and Dr. Wong concerning a swollen left testicle.  Plaintiff asserts that these three individuals conducted a painful medical examination, which included pinching plaintiff's testicle, only to determine that plaintiff needed an ultrasound.  Plaintiff also names Chief Medical Office Michael Fox for failing to review the work of his doctors and for failing to supervise their work.

The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Examination of the complaint reveals that plaintiff has failed to state an Eighth Amendment claim as to any of the named defendants. At most, plaintiff's complaint can be read to assert a difference of opinion between himself and the defendants concerning the proper course of treatment for plaintiff's conditions. This, however, does not state an actionable claim.
/////

See Franklin, 662 F.2d at 1344.  Also, plaintiff's allegations of a conspiracy are simply too conclusory to state a claim against defendants Craw and Redford.

In part, plaintiff brings his Section 1983 claims against Michael Fox under a respondeat superior theory.  Yet respondeat superior liability does not exist under Section 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  Thus, to state a claim against Fox, plaintiff must show Fox was personally involved in the constitutional violation, or a significant causal connection between his wrongful conduct and the constitutional violations.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  That causal connection may be supported with allegations the supervisor "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the injury."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations omitted).  Plaintiff makes no such allegations here.

Finally, the California Department of Corrections and Rehabilitation is not a "person" subject to suit under § 1983 and that Eleventh Amendment immunity bars plaintiff's claims against the Department.  "State agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."  Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)).  The California Department of Corrections and Rehabilitation is a state agency and thus not a "person" under § 1983.  See Christman v. Micheletti, 302 F. App'x 742, 743 (9th Cir. 2008) ("The district court properly dismissed [the plaintiff's] claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983.").

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, [u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999) (second alteration in original).  "The State of California has not

waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ...." Id. at 1025–26; see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars the § 1983 claims asserted against the California Department of Corrections and Rehabilitation. See Brown, 554 F.3d at 752 (concluding that "[t]he district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); see also Parra v. Hernandez, 2009 WL 799065, at *8 (S.D. Cal. Mar. 24, 2009) (concluding that the California Department of Corrections and Rehabilitation was entitled to Eleventh Amendment immunity and dismissing claims asserted against it); Goodman v. Cal. Dep't of Corr. & Rehab., 2008 WL 4610268, at *6 (C.D. Cal. Oct. 14, 2008) (same).

      Based on the foregoing, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

/////

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: September 27, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;tril1805.14new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE TRILLO,

      Plaintiff,                                    No. 2:12-cv-1805 GEB JFM P

      vs.

DIRECTOR OF CALIFORNIA
DEPARTMENT OF CORRECTIONS, et al.,      NOTICE OF AMENDMENT

      Defendants.
_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                                              _____
                                                               Plaintiff

8